**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| AMERICAN OVERSIGHT, <br> 1030 15th Street NW, B255 <br> Washington, DC 20005 <br><br> *Plaintiff*, <br><br> v. <br><br> U.S. DEPARTMENT OF <br> VETERANS AFFAIRS, <br> 810 Vermont Avenue NW <br> Washington, DC 20420 <br><br> and <br><br> U.S. DEPARTMENT OF DEFENSE, <br> 1600 Pentagon 3E788 <br> Washington, DC 20301-1600 <br><br> *Defendants*. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Case No.  18-cv- |

## COMPLAINT

1.     Plaintiff American Oversight brings this action against the U.S. Department of Veterans Affairs and the U.S. Department of Defense under the Freedom of Information Act, 5 U.S.C. § 552 (FOIA), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3.     Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

1

4.      Because Defendants the U.S. Department of Veterans Affairs and the U.S. Department of Defense have failed to comply with the applicable time-limit provisions of FOIA, American Oversight is deemed to have constructively exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining the agency from continuing to withhold agency records and ordering the production of agency records improperly withheld.

## PARTIES

5.      Plaintiff American Oversight is a nonpartisan non-profit section 501(c)(3) organization primarily engaged in disseminating information to the public. American Oversight is committed to promoting transparency in government, educating the public about government activities, and ensuring the accountability of government officials. Through research and FOIA requests, American Oversight uses the information it gathers, and its analysis of it, to educate the public about the activities and operations of the federal government through reports, published analyses, press releases, and other media. The organization is incorporated under the laws of the District of Columbia.

6.      Defendant the U.S. Department of Veterans Affairs (VA) is a department of the executive branch of the U.S. government headquartered in Washington, DC, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). VA has possession, custody, and control of the records that American Oversight seeks.

7.      Defendant the U.S. Department of Defense (DOD) is a department of the executive branch of the U.S. government headquartered in Washington, DC, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). DOD has possession, custody, and control of the records that American Oversight seeks.

**STATEMENT OF FACTS**

8. American Oversight submitted three FOIA requests to VA and one request to DOD seeking to shed light on the influence of both private associates of the president and of the advocacy group Concerned Veterans for America on federal government agencies and policies, including policies affecting veterans.

*First VA Communications Request*

9. On May 4, 2018, American Oversight submitted a FOIA request to VA, with internal tracking number VA-18-0298, seeking records reflecting communications between VA officials and Isaac Perlmutter, Bruce Moskowitz, or Jared Kushner.

10. American Oversight's FOIA request to VA specifically sought the following records:

> All records reflecting communications (including emails, email attachments, text messages, messages on messaging platforms (such as Slack, GChat or Google Hangouts, Lync, Skype, or WhatsApp), telephone call logs, calendar entries/invitations, meeting notices, meeting agendas, informational material, draft legislation, talking points, any handwritten or electronic notes taken during any oral communications, summaries of any oral communications, or other materials) between 1) the Office of the Secretary, the Office of the Assistant Secretary for Information and Technology and the Chief Information Officer, or the Electronic Health Records Modernization (EHRM) Program Executive Office and 2) Isaac "Ike" Perlmutter, Bruce Moskowitz, or Jared Kushner.

The request sought responsive records from May 15, 2017, to the date the search was conducted.

11. VA acknowledged receiving American Oversight's FOIA request and assigned the request FOIA tracking numbers 18-07426-F for the Office of the Secretary (OSVA), 18-07460-F for the Veterans Health Administration (VHA), and 18-07440-F for the Office of the Assistant Secretary for Information and Technology (OI&T).

12. On May 31, 2018, the VHA responded that American Oversight's request had been referred to VHA, and it had no responsive records. American Oversight does not challenge this determination.

13. On September 14, 2018, OSVA made a partial production of responsive records but indicated that it had yet to search the records of seven custodians likely to possess responsive records. VA further noted that 56 pages of potentially responsive records required consultation with the White House FOIA Liaison. OSVA noted that OI&T would respond separately to American Oversight's request.

14. American Oversight has not received any further communication from VA regarding this FOIA request.

*Second VA Communications Request*

15. On May 4, 2018, American Oversight submitted a FOIA request to VA, with internal tracking number VA-18-0299, seeking electronic communications related to the reported involvement of President Trump's associates from his Mar-a-Lago resort in VA agency business.

16. American Oversight's FOIA request to VA specifically sought the following records:

> All emails, text messages and messages on messaging platforms (such as Slack, GChat or Google Hangouts, Lync, Skype, or WhatsApp) of political appointees[] and Senior Executive Service (SES) employees within 1) the Office of the Secretary, 2) the Office of the Assistant Secretary for Information and Technology and the Chief Information Officer and, 3) the Electronic Health Records Modernization (EHRM) Program Executive Office that contain any of the following terms:
>
>     a. Moskowitz;
>     b. Perlmutter;
>     c. Ike;
>     d. "Trump's friend";
>     e. "Trump's Doctor";
>     f. "POTUS friend";
>     g. "POTUS's friend";

      h. "POTUS' friend";
      i. "POTUS doctor";
      j. "POTUS's doctor";
      k. "POTUS' doctor";
      l. "President's friend";
      m. "friend of POTUS";
      n. "friend of President"; or
      o. "friend of the President"

The request sought responsive records from May 15, 2017, to the date the search was conducted.

    17.    On May 16, 2018, VA asked American Oversight if the First VA Communications Request and the Second VA Communications Request were identical. American Oversight responded that the requests were not identical noting that "[w]hereas the [] first requests records reflecting communications with three non-VA employees, the second requests all records reflecting communications of political appointees in designated offices containing enumerated terms." American Oversight agreed, at VA's request, that VA could aggregate the requests for processing.

    18.    On May 17, 2018, VA emailed American Oversight noting that VA would be aggregating the two requests as they contained only one small difference (the inclusion of Jared Kushner in the First VA Communications Request). American Oversight promptly responded and again explained that "two requests are distinct," noting that "[t]he first request seek records reflecting communications with Isaac "Ike" Perlmutter, Bruce Moskowitz and Jared Kushner. The second request seeks records reflecting communications containing search terms."

    19.    On September 14, 2018, VA made a partial production of responsive records but indicated that it had yet to search the records of seven custodians likely to possess responsive records. VA further noted that 56 pages of potentially responsive records required consultation with the White House FOIA Liaison.

20.     American Oversight has not received any further communication from VA regarding this FOIA request.

*Third VA Communications Request*

21.     On August 23, 2018, American Oversight submitted a FOIA request to VA, with internal tracking number VA-18-0457, seeking records reflecting communications between senior VA officials and President Trump's associates from his Mar-a-Lago resort or advocates for the group Concerned Veterans for America. The request also sought external VA communications about Concerned Veterans for America.

22.     American Oversight's FOIA request to VA specifically sought the following records:

1. All records reflecting communications (including emails, email attachments, text messages, messages on messaging platforms (such as Slack, GChat or Google Hangouts, Lync, Skype, or WhatsApp), telephone call logs, calendar invitations/entries, meeting notices, meeting agendas, informational material, talking points, any handwritten or electronic notes taken during any oral communications, summaries of any oral communications, or other materials) between any of the individuals listed in Column A and any of the individuals or groups listed in Column B:

| Column A: Veterans Affairs Officials | Column B: Outside Recipients |
|---|---|
| • Darin Selnick, Senior Advisor to the Secretary<br>• Casin Spero, Special Advisor<br>Individuals within the Offices of the Secretary and Deputy Secretary:<br>• David Shulkin, Former Secretary, and anyone acting on his behalf<br>• Vivieca Wright Simpson, Former Chief of Staff<br>• Pete O'Rourke, Former Chief of Staff, Former Acting Secretary, | • Dan Caldwell<br>• Nathan Anderson<br>• Shannon Hough<br>• Pete Hegseth<br>• Any email address ending in @cv4a.org or @cvafoundation.org<br>• Isaac "Ike" Perlmutter<br>• Bruce Moskowitz<br>• Marc Sherman |

|  |  |
|---|---|
| and Senior Advisor to the Secretary; and anyone acting on his behalf<br><br>• Robert Wilkie, Secretary, and anyone acting on his behalf<br><br>• Jacquelyn Hayes-Byrd, Acting Chief of Staff and Deputy Chief of Staff<br><br>• Thomas Bowman, Deputy Secretary, and anyone acting on his behalf<br><br>• Any political appointee* in the immediate Office of the Secretary or Deputy Secretary during the applicable time period not previously listed above |  |

*"Political appointee" should be understood as any person who is a Presidential Appointee with Senate Confirmation (PAS), a Presidential Appointee (PA), a non-career SES, any Schedule C employees, or any persons hired under Temporary Non-Career SES Appointments, Limited Term SES Appointments, or Temporary Transitional Schedule C Appointments.

Please provide all responsive records from January 20, 2017, through the date of the search.

2. All email communications between any of the individuals listed in Column A and any external individuals or organizations (i.e., emails with addresses ending in .com/.org/.net/.mil/.edu) that mention one or more of the following search terms in the subject line, body of the email, or attachment:

   a. "Concerned Veterans"
   b. "Concerned Vets"
   c. CVA
   d. CV4A

The request sought responsive records from May 15, 2017, to the date the search was conducted.

7

23. VA acknowledged this request and assigned it FOIA tracking numbers 18-11822- F for OSVA and 18-11822-F for the Office of the Assistant Secretary for Public and Intergovernmental Affairs (OPIA).

24. American Oversight has not received any further communication from VA regarding this FOIA request.

*External DOD Communications Request*

25. On August 23, 2018, American Oversight submitted a FOIA request to DOD, with internal tracking number DOD-18-0453, seeking records reflecting communications between three DOD officials and President Trump's associates from his Mar-a-Lago resort or advocates for the group Concerned Veterans for America. The request also sought DOD communications of these three officials related to Concerned Veterans for America.

26. American Oversight's FOIA request to DOD specifically sought the following records:

1. All records reflecting communications (including emails, email attachments, text messages, messages on messaging platforms (such as Slack, GChat or Google Hangouts, Lync, Skype, or WhatsApp), telephone call logs, calendar invitations/entries, meeting notices, meeting agendas, informational material, talking points, any handwritten or electronic notes taken during any oral communications, summaries of any oral communications, or other materials) between (1) William Joseph Turenne, (2) Amber Smith, or (3) Kirk Harris[ ] and any of the individuals or groups listed below:

   a. Dan Caldwell
   b. Nathan Anderson
   c. Shannon Hough
   d. Pete Hegseth
   e. Any email address ending in @cv4a.org or @cvafoundation.org
   f. Isaac "Ike" Perlmutter
   g. Bruce Moskowitz
   h. Marc Sherman

2. All email communications of (1) William Joseph Turenne, (2) Amber Smith, or (3) Kirk Harris that mention one or more of the following search terms in the subject line, body of the email, or attachment:

    a. "Concerned Veterans"
    b. "Concerned Vets"
    c. CVA
    d. CV4A

The request sought responsive records from January 20, 2017, to the date the search was conducted.

27.     On August 31, 2018, DOD responded that American Oversight's request for the communications of the three DOD officials was "too broad, not reasonably described and difficult to interpret." DOD represented by phone that American Oversight's request was not reasonably described because it did not identify the three offices within the Office of the Secretary of Defense (OSD) where the three DOD officials worked. That same day, American Oversight used public information to identify the offices within OSD where the three officials appeared to have worked. DOD accepted American Oversight's additional information and represented that it would begin processing American Oversight's FOIA request.

28.     DOD assigned American Oversight's request tracking number 18-F-1590.

29.     American Oversight has not received any further communication from DOD regarding this FOIA request.

*Exhaustion of Administrative Remedies*

30.     As of the date of this Complaint, Defendants have failed to (a) notify American Oversight of a final determination regarding American Oversight's FOIA requests, including the scope of responsive records Defendants intend to produce or withhold and the reasons for any

withholdings; or (b) produce the requested records or demonstrate that the requested records are lawfully exempt from production.[1]

31. Through Defendants' failure to respond to American Oversight's FOIA requests within the time period required by law, American Oversight has constructively exhausted its administrative remedies and seeks immediate judicial review.

## COUNT I
### Violation of FOIA, 5 U.S.C. § 552
### Failure to Conduct Adequate Searches for Responsive Records

32. American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

33. American Oversight properly requested records within the possession, custody, and control of Defendants.

34. Defendants are agencies subject to FOIA and must therefore make reasonable efforts to search for requested records.

35. Defendants have failed to promptly review agency records for the purpose of locating those records that are responsive to American Oversight's FOIA requests.

36. Defendants failure to conduct adequate searches for responsive records violates FOIA.

---

[1] As noted above, American Oversight acknowledges that the component VHA provided a final determination regarding the First and Second VA Communications requests, and American Oversight does not challenge VHA's determination. As also noted above, American Oversight acknowledges that OSVA produced some records responsive its First and Second VA Communications requests, but OSVA has noted that it has not completed its search of most custodians, and OSVA has not identified the records it intends to produce or withhold.

37. Plaintiff American Oversight is therefore entitled to declaratory and injunctive relief requiring Defendants to promptly make reasonable efforts to search for records responsive to American Oversight's FOIA requests.

**COUNT II**
**Violation of FOIA, 5 U.S.C. § 552**
**Wrongful Withholding of Non-Exempt Records**

38. American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

39. American Oversight properly requested records within the possession, custody, and control of Defendants.

40. Defendants are agencies subject to FOIA and must therefore release in response to a FOIA request any non-exempt records and provide a lawful reason for withholding any materials.

41. Defendants are wrongfully withholding non-exempt agency records requested by American Oversight by failing to produce records responsive to its FOIA requests.

42. Defendants are wrongfully withholding non-exempt agency records requested by American Oversight by failing to segregate exempt information in otherwise non-exempt records responsive to American Oversight's FOIA requests.

43. Defendants' failure to provide all non-exempt responsive records violates FOIA.

44. Plaintiff American Oversight is therefore entitled to declaratory and injunctive relief requiring Defendants to promptly produce all non-exempt records responsive to its FOIA requests and provide an index justifying the withholding of any responsive records withheld under claim of exemption.

**REQUESTED RELIEF**

WHEREFORE, American Oversight respectfully requests the Court to:

(1) Order Defendants to conduct a search or searches reasonably calculated to uncover all records responsive to American Oversight's FOIA requests;

(2) Order Defendants to produce, by such date as the Court deems appropriate, any and all non-exempt records responsive to American Oversight's FOIA requests and an index justifying the withholding of any responsive records withheld under claim of exemption;

(3) Enjoin Defendants from continuing to withhold any and all non-exempt records responsive to American Oversight's FOIA requests;

(4) Award American Oversight attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(5) Grant American Oversight such other relief as the Court deems just and proper.

Dated: October 25, 2018

Respectfully submitted,

*/s/ Daniel A. McGrath*
Daniel A. McGrath
D.C. Bar No. 1531723
Elizabeth France
D.C. Bar No. 999851
John E. Bies
D.C. Bar No. 483730

AMERICAN OVERSIGHT
1030 15th Street NW, B255
Washington, DC 20005
(202) 897-4213
daniel.mcgrath@americanoversight.org
beth.france@americanoversight.org
john.bies@americanoversight.org
*Counsel for Plaintiff*